UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

SANRIO CO., LTD. and SANRIO, INC.,

                     Plaintiffs,   ORDER

                                     CV 2004-5428 (NG)(MDG)

      - against -

EPIC TRADING, INC., et. al.,

                     Defendants.

- - - - - - - - - - - - - - - - - - -X

GO, United States Magistrate Judge:

    Plaintiffs Sanrio Company, Ltd. and Sanrio, Inc. ("Sanrio" or "plaintiffs") have moved for leave to amend the complaint to add Yuk Wong ("Wong") and Eddy Chan ("Chan"), individually, as party defendants.[1] This Order sets forth the reasons for granting the motion to amend at the June 28, 2005 conference in this trademark infringement action.

---

[1] As a preliminary matter, I note that I have the authority to decide plaintiff's motion to amend pursuant to 28 U.S.C. § 636(b)(1)(A). See Kilcullen v. New York State Dept. of Transp., 55 Fed.Appx. 583, 584, 2003 WL 151251, at *2 (2d Cir. 2003) (referring to denial of motion to amend based on futility as a non-dispositive matter that may be referred to a magistrate judge for decision pursuant to 28 U.S.C. § 636(b)(1)(A)); Marsh v. Sheriff of Cayuga County, 36 Fed.Appx. 10, 2002 WL 1159631 (2d Cir. 2002) (holding "that the magistrate judge acted within his authority in denying this motion to amend the complaint") (citing Maurice v. State Farm Mut. Auto. Ins. Co., 235 F.3d 7, 9 n. 2 (1st Cir.2000)); U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff, 768 F.2d 1099 (9th Cir. 1985); see also Johnson v. Doe, 33 Fed.Appx. 584, 2002 WL 730849 (2d Cir. 2002) (reviewed magistrate judge's order on motion to amend without questioning the magistrate judge's authority); Northern Assurance Co. of America v. Square D. Co., 201 F.3d 201 (2d Cir. 2000) (same). Thus, Fed. R. Civ. P. 72(a) governs any objections to this order.

**DISCUSSION**

Rule 15(a) of the Federal Rules of Civil Procedure generally governs amended pleadings, and Rule 21 governs the more specific instances in which a proposed amendment seeks to add a party. It is generally accepted, however, that no material difference exists between the standards articulated by Rules 15(a) and 21, and, as such, "where parties satisfy the requirements under [Rule 15(a)] for leave to amend, they will generally be permitted to add parties under [Rule 21]." Cortigiano v. Oceanview Manor Home for Adults, 227 F.R.D. 194, 201 (E.D.N.Y. 2005).

Rule 15(a) of the Federal Rules of Civil Procedure provides for liberal amendment of pleadings and directs that leave to amend a complaint shall be "freely given when justice so requires." See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); Grace v. Rosenstock, 228 F.3d 40 (2d Cir. 2000), cert. denied, 121 S. Ct. 1362 (2001); Monahan v. N.Y. City Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000) (leave to assert affirmative defense). The decision to grant or deny a request to amend is within the discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1962); John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., 22 F.3d 458, 462 (2d Cir. 1994).

Where a moving party has demonstrated "at least colorable grounds for relief," leave to amend should be granted by the district court unless the nonmoving party shows: (1) undue delay, (2) bad faith, (3) dilatory motive, (4) undue prejudice, or (5) futility of the amendment. Cortigiano, 227 F.R.D. at 201 (citing

Anthony v. City of New York, 339 F.3d 129, 138 (2d Cir. 2003); Krumme v. WestPoint Stevens, Inc., 143 F.3d 71, 88 (2d Cir. 1998)). For reasons stated on the record, the Court finds that none of the above-listed exceptions applies with respect to plaintiffs' motion to amend.

The only conceivable basis for denying the motion to amend would be that futility exists with respect to Mr. Wong's and Mr. Chan's individual acts of infringement. However, as the Second Circuit has consistently cautioned, a court should not deny a motion to amend because of futility unless it is "'beyond doubt that the plaintiff can prove no set of facts in support' of his amended claims." Pangburn v. Culbertson, 200 F.3d 65, 71 (2d Cir. 1999) (quoting Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991)).

Here, plaintiff has pled viable claims. As Mr. Chan testified at his deposition, Mr. Wong is the sole shareholder and owner of defendant Epic Trading, Inc. ("Epic"), and Mr. Chan is Epic's manager. Decl. of Noel M. Cook, dated April 28, 2005, at ¶¶ 2, 3, 4. Liability would personally attach to Mr. Wong and Mr. Chan if plaintiff can show that they were in a position to supervise any infringing activity in which they had a financial interest or that they personally participated in such activity. See Lauratex Textile Corp. v. Allton Knitting Mills, Inc., 517 F. Supp. 900, 904 (S.D.N.Y. 1981) ("an individual, including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity, or who personally participates in that activity[,] is personally liable

for the infringement") (citing, inter alia, <u>Gershwin Publishing Corp. v. Columbia Artists Management, Inc.</u>, 443 F.2d 1159, 1161-2 (2d Cir. 1971)). It is not "beyond doubt" that the plaintiff cannot prove such facts in support of these claims.

## **CONCLUSION**

For the foregoing reasons and those stated on the record, plaintiffs' motion to amend is granted.

**SO ORDERED.**

Dated:   Brooklyn, New York
         July 21, 2005

                                       /s/
                                 MARILYN D. GO
                                 UNITED STATES MAGISTRATE JUDGE